IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CURTIS ALLEN GARRISON | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-550 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Curtis Allen Garrison, a prisoner currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

On May 23, 2014, Petitioner was convicted of capital murder in the 163rd Judicial District Court in Cause Number B-130,137-R in Orange County, Texas.  State Court Hearing Records ("SCHR"), Judgment, pg. 78 (doc. # 17-43).  Petitioner was sentenced to life without parole.  *Id*. The Thirteenth Court of Appeals affirmed the conviction on July 16, 2015 SCHR, Cover Page (doc. # 17-1); *Garrison v. State*, 13-14-00372, 2015 WL 4380925 (Tex. App. – Corpus Christi - Edinburg July 16, 2015, pet. ref'd).  Petitioner's Petition for Discretionary Review was refused on November 25, 2015.  PD-0994-15.  *Id*.  Petitioner's motion for rehearing was denied on January 13, 3016.  *Id*.

The United States Supreme Court denied Petitioner's writ of certiorari on October 2, 2017. *Garrison v. Texas*, 138 S.Ct. 188 (2017). SCHR (doc. # 17-30).

Petitioner signed his state application for writ of habeas corpus on December 29, 2017, and the application was file-stamped on January 2, 2018. Application, pg. 8 (doc. # 17-43). The Texas Court of Criminal Appeals denied Petitioner's application without written order on the trial court's findings of fact without a hearing on September 12, 2018. SCHR, Action Sheet (doc. # 17-31). Petitioner then filed Motion for Rehearing on September 20, 2018, which the Texas Court of Criminal Appeals dismissed on September 21, 2018. SCHR (doc. # 17-38). Petitioner also filed a *Pro Se* Motion for Access to the Court and corresponding Application for Writ of Habeas Corpus Ad Testificandum that was docketed September 16, 2019. Exhibit A to Response, pg. 2 (doc. # 18-1).

Petitioner filed the above-referenced federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 20, 2019. Original Petition (doc. # 1). On November 4, 2019, former Magistrate Judge Keith Giblin entered a Report and Recommendation, recommending the petition be dismissed for failure to exhaust administrative remedies and as barred by the statute of limitations (doc. # 2). The Report and Recommendation was based off the information provided by Petitioner in his Original Complaint. Petitioner filed Objections to the Report and Recommendation on December 12, 2019 (doc. # 6). In light of the Objections, former Magistrate Judge Keith Giblin withdrew the Report and Recommendation on April 8, 2020 (doc. # 8).

Respondent was ordered to show cause and produce the state court records on May 11, 2020 (doc. # 9). Respondent filed the State Court Records and Response on August 27, 2020 (doc. #s 17& 18). Respondent argues the habeas petition is barred by the statute of limitations. (doc. # 18).

Petitioner has yet to file a substantive reply to the affirmative defense of statute of limitations.

The Petition

Petitioner argues the following:

February 20, 2014, appointed council [sic] Jim Sharron Bearden, filed a Motion for Court Appointed Psychiatrist, which the trial court granted. March 18, 2014, Dr. Ray Cox was appointed to examine Petitioner and 'did' examine Petitioner. Dr. Cox used the standard test to determine sanity and competency and never included the evaluation or the testing based on mental lock [sic] derived from extreme fear, terror, or horror influencing Petitioner's ability to exercise mental or emotional control once the two victims appeared on his property the day of the shooting November 23, 2012. No other expert testified.

Council [sic] failed to conduct the necessary pretrial investigation and interviews of forensic experts qualified to examine the historical data recorded from Petitioner's mental health before November 23, 2012, and the side effects of the prescribed meds used to treat him from childhood until he became an adult. As a direct result of councils [sic] failure Dr. Ray Cox limited his examination to whether Petitioner was competent to stand trial and sane immediately after the shootings November 23, 2012. Consequently the jury during the guilt-innocence phase of the trial never considered the mitigating evidence before going into deliberation and returning their verdict.

Original Petition, pg. 6 (doc. # 1). For relief, Petitioner seeks reversal and remand for a new trial, an evidentiary hearing to develop facts for the habeas record outside the trial record, and adequate post-trial discovery to satisfy the burden of proof to prove the ineffective assistance of counsel and unreasonableness. *Id*.

Analysis

*Statute of Limitations*

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1218, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one year period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d) (1)(A)-(D). Petitioner makes no allegations supporting an alternate start date under § 2244(d)(1)(B)-(D).

Thus, the date the limitations period began to run in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A). Here, the state court conviction became final on October 2, 2017, the date the United States Supreme Court denied his writ of certiorari. Because Petitioner filed his federal petition more than one year after his conviction became final, a literal application of Section 2244(d)(1) renders his October 20, 2019 filing untimely.

*Statutory Tolling*

The Act expressly and unequivocally provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28

U.S.C. § 2244(d)(2).  Thus, a state petition for habeas relief is "pending" for the Act's tolling purposes on the day it is filed through (and including) the day it is resolved.  *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).

According to the state court records, Petitioner signed his state writ of habeas corpus on December 29, 2017.[1]  The Texas Court of Criminal Appeals denied the state writ of habeas corpus on September 12, 2018.  The statute of limitations was, therefore, tolled 258 days, from and including December 29, 2017, through and including September 12, 2018.  Petitioner also submitted a motion for rehearing of supplementary record, which was not signed, but file-stamped on September 20, 2018.  The Texas Court of Criminal Appeals dismissed the motion for rehearing on September 21, 2018.  Because a motion for rehearing may provide tolling of the AEDPA limitation period, Petitioner received the benefit of two extra days of tolling, tolling the statute of limitations for 260 days.  *Lookingbill v. Cockrell*, 293 F.3d 256, 261-62 (5th Cir. 2002) (citing *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001)).[2]  Adding the one-year limitations period for the federal application for writ of habeas corpus makes the federal filing deadline June 19, 2019.

To the extent Petitioner's *Pro Se* Motion for Access to the Court and *Pro Se* Application for Writ of Habeas Corpus Ad Testificandum can be considered to the toll the federal filing deadline,

---

[1]Because Petitioner did not provide the date he delivered the petition to prison authorities, the undersigned will use the earliest date he could have done so, which is the day he signed the petition. *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013) (holding that under Texas law the pleadings of *pro se* inmates are considered filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court).

[2]Where a state habeas applicant files a motion for reconsideration, the applicant is entitled to tolling only when the Texas Court of Criminal Appeals actually considers the motion. *Id*. The undersigned gives Petitioner the benefit of the doubt in this instance to prove that even the most liberal construction on tolling does not save the federal petition.

they were still filed almost three months past the June 19, 2019 deadline.[3] An application filed after

the expiration of the limitations period has no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263

(5th Cir. 2000). Thus, Petitioner's October 20, 2019 petition is almost four months too late.

Accordingly, the statutory tolling provision does not save the federal petition.

*Equitable Tolling*

Petitioner has not demonstrated any facts entitling him to equitable tolling. *See Davis v.

Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period can be equitably

tolled in extraordinary circumstances). Equitable tolling is a discretionary doctrine turning on the

facts and circumstances of each case and Petitioner bears the burden of establishing entitlement to

equitable tolling in the AEDPA context. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert.

denied* 531 U.S. 1164 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531

U.S. 1035 (2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For equitable tolling to

apply, the applicant must diligently pursue his Section 2254 relief and equity is not intended for

those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v.

Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

In the present case, Petitioner has not shown he acted diligently while pursuing habeas relief

in both the federal and state courts. As a result, he has failed to demonstrate that any principles of

equitable tolling save his petition.

---

[3]The more likely scenario is Petitioner's *Pro Se* Motion for Access to the Court and *Pro Se* Application for Writ of Habeas Corpus Ad Testificandum do not toll the federal filing deadline as they do not constitute collateral review. *See, e.g., Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (mandamus application fails to toll because it was not a properly filed postconviction writ or other collateral review); *Harrelson v. Swan*, 381 F. App'x 336, 339 (5th Cir. 2010) (*nunc pro tunc* proceedings do not constitute other collateral review and do not toll AEDPA limitations period); *Torns v. Mississippi*, 54 F. App'x 592, 592 (5th Cir. 2002) (motion for transcripts not considered other collateral review and does not toll); *but see Hutson v. Quarterman*, 508 F.3d 236, 239 (5th Cir. 2007) (motion for DNA testing considered a request for review of the underlying judgment and constitutes other collateral review).

## Recommendation

Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed with prejudice as time-barred.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 8th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE