| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CURTIS ALLEN GARRISON, §
　　　　　　　　　　　　　 §
　　　　　Petitioner, §
　　　　　　　　　　　　　 §
versus　　　　　　　　　　 §　　CIVIL ACTION NO. 1:19-CV-550
　　　　　　　　　　　　　 §
　　　　　　　　　　　　　 §
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　 §
　　　　　Respondent. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Curtis Allen Garrison, an inmate currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition as barred by the applicable statute of limitations (#26).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation on December 5, 2022 (#27). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

In his objections, Petitioner appears to argue actual innocence to overcome the procedural bar, in addition to equitable tolling. A federal habeas petitioner, however, is not entitled to relief based on a freestanding claim that newly discovered evidence shows that he is actually innocent. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). A claim of actual innocence in a federal habeas case is instead cognizable only to excuse "a procedural error so that [the petitioner] may bring an independent constitutional claim." *Id*. at 404. In other words, there is a distinction between "habeas petitioners who assert that their actual innocence in itself presents a violation of their constitutional rights," whose claim is not cognizable, and "petitioners who assert that their actual innocence acts as a catalyst to bring them within that narrow class of cases in which the refusal of the court to hear their underlying constitutional claims will result in a fundamental miscarriage of justice," whose claim is cognizable for a limited purpose. *Lucas v. Johnson*, 132 F.3d 1069, 1076 (5th Cir. 1998) (internal quotation marks omitted). Petitioners in the latter group must show that, in light of new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). If the petitioner makes this showing, then the court may proceed to consider the merits of an otherwise barred underlying constitutional claim. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S, 333, 339 (1992)). While diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399-400. "[T]enable actual-innocence gateway pleas are rare." *Id.* at 386.

2

Here, while Petitioner argues actual innocence, he fails to argue or otherwise show that there is *new* evidence that establishes that no reasonable juror would have voted to find him guilty. Rather, Petitioner's argument is more a challenge to the sufficiency of the evidence which is insufficient to overcome the procedural bar.[1]

Furthermore, Petitioner's numerous arguments regarding equitable tolling are equally unavailing. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). As to Petitioner's arguments that the law library and/or legal supplies were inadequate, that his property was lost and/or delayed, or that other prisoners forged his signatures on his documents, Petitioner fails to explain with any specificity how these problems prejudiced his ability to seek federal habeas relief in a timely manner. His conclusory assertions are insufficient to warrant equitable tolling. *See Fuller v. Quarterman*, No. 3-06-CV-1774-R, 2007 WL 1701083, at *2 (N.D. Tex. Jun. 12, 2007) (rejecting equitable tolling argument where petitioner failed to identify legal materials that were confiscated by prisoner officials, show why materials were necessary to seek habeas relief, and explain efforts undertaken to obtain return of the materials). Petitioner has simply failed to show he was acting diligently in pursuing habeas relief in both the state and federal courts.

---

[1] While less then clear, Petitioner appears to argue his counsel failed to put forth evidence that would establish his right to several theories of self-defense.

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendations of the Magistrate Judge.

Furthermore, the court is of the opinion Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, Petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reasons, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that the issues are subject to debate among jurists of reasons or worthy of encouragement to proceed further. A certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 1st day of March, 2023.

                                                                       MARCIA A. CRONE
                                                           UNITED STATES DISTRICT JUDGE